## UNITED STATES of America, Plaintiff–Appellee

### v.

### Rigoberto Alexander RODRIGUEZ, Defendant–Appellant.

#### No. 06–41281
#### Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 21, 2007.

James Lee Turner, Assistant US Attorney, US Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Rigoberto Alexander Rodriguez pleaded guilty to illegally reentering the United States following deportation and was sentenced to a 60–month term of imprisonment. Rodriguez argues that the district court erred by enhancing his offense level based on its determination that Rodriguez's prior Texas conviction for attempted kidnapping was a crime of violence under U.S.S.G. § 2L1.2; however, he concedes in his reply brief that this argument is foreclosed by *United States v. Iniguez–Barba,* 485 F.3d 790, 791–93 (5th Cir.2007).

Rodriguez also argues that his sentence is unreasonable in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), but he again concedes that his argument is foreclosed under our precedent. *See United States v. Mares,* 402 F.3d 511, 518–20 (5th Cir.2005) and *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir.2006). The Supreme Court has rejected Rodriguez's contention that his sentence within the advisory Sentencing Guidelines range should not be accorded a presumption of reasonableness. *See Rita*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*v. United States,* — U.S. —, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Our review of the record leads us to conclude that Rodriguez's sentence is reasonable.

Rodriguez also argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and subsequent Supreme Court decisions. Rodriguez's constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rodriguez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005); *see also Rangel–Reyes v. United States,* — U.S. —, 126 S.Ct. 2873, 165 L.Ed.2d 910 (2006); *United States v. Pineda–Arrellano,* 492 F.3d 624 (5th Cir.2007). Rodriguez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.